UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DUSTIN PUGEAU                                    CIVIL ACTION

VERSUS                                           NO. 12-00045

DONNIE ADAMS, ET AL.                             SECTION: "F"(5)


**REPORT AND RECOMMENDATION**

This 42 U.S.C. 42 U.S.C. §1983 proceeding was filed by pro se plaintiff, Dustin Pugeau, against defendants, Donnie Adams and Bob Buckley, who are respectively identified as the Warden and the Sheriff over the Union Parish Detention Center ("UPDC").

Plaintiff is an inmate of the UPDC which is located in Farmerville, Louisiana, a city which is within the geographical confines of the Western District of Louisiana. See 28 U.S.C. §98(c). Plaintiff complains of various conditions of confinement allegedly existing at UPDC, including unjustified lockdowns, the removal of mattresses from inmates' cells, and resulting severe back pain. Plaintiff seeks an unspecified amount of compensatory damages.

Because 42 U.S.C. §1983 contains no specific venue provisions,

venue is determined by 28 U.S.C. §1391, the general venue statue. See Jones v. Bales, 58 F.R.D. 453 (N.D. Ga. 1972), aff'd, 480 F.2d 805 (5th Cir. 1973). Title 28 U.S.C. §1391(b) states that a civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in (1) the judicial district where any defendant resides, if all defendants reside in the same state; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred...; or, (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. Title 28 U.S.C. §1406(a) further allows a district court in which is filed a case laying venue in the wrong district to transfer said case to any district or division in which it could have been brought. Transfers for improper venue can be done sua sponte. See Caldwell v. Palmetto State Savings Bank of South Carolina, 811 F.2d 916, 919 (5th Cir. 1987).

The acts and omissions complained of herein all occurred at the UPDC, a penal facility located within the Western District of Louisiana. The named defendants are the Warden of the UPDC and the Sheriff of Union Parish, both of whom presumably reside or are located within the Western District of Louisiana. Because this District is one of improper venue under §1391(b), this action should be transferred to the United States District Court for the

Western District of Louisiana pursuant to §1406(a).[1]/

RECOMMENDATION

For the foregoing reasons, it is recommended that the instant matter be transferred to the United State District Court for the Western District of Louisiana.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this 17th day of January, 2012.

ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE

---

[1]/ In light of the Court's recommendation herein, a ruling on plaintiff's application to proceed in forma pauperis should be deferred to the transferee court.